## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J. J.*

### REX *vs.* AUWAI, (CHINAMAN.)

THE firm of A. & A. being licensed dealers sold opium in June, 1875, to the prisoner; HELD, that he was properly convicted of having opium in his possession in November, 1875, under the Act of 1874, which was passed in 1874, but which did not go into effect until August, 1875.

This Act is not retrospective.

#### OPINION BY JUDD, J.

The defendant was indicted at the last term of the Circuit Court for the fourth Judicial Circuit, for the offence of having thirty-eight tins of opium in his possession on the 8th day of November, 1875, contrary to the provisions of the Act of 1874. He pleaded guilty and was duly sentenced and the opium declared forfeit, subject to a question reserved, which was certified to this Court as follows:

"Whether a showing that a quantity of opium was bought by the defendants of Afong & Achuck on the —— day of June, A. D. 1875, according to certain bills of sale, hereto annexed, they being at that time licensed to sell opium, is a justification of the defendant, or a case to which the statute under which the indictment is brought constitutionally applies. If this question is answered negatively, said judgment shall stand affirmed, otherwise to be set aside."

The Act of 1874, which makes the possession of opium (not obtained from the Board of Health or a licensed physician, &c.,) a penal offence, was approved on the 8th day of August, A. D. 1874, and went into effect and became a law

on one year from and after its publication, which we take to be the 18th of August, A. D. 1875.

The bills of sale referred to, show that fifty-six tins of opium were bought by defendant of the licensed dealers, Afong & Achuck, for $633.00, on different days between the 5th and 16th of June, 1875.

It is admitted that the opium seized on the 8th of November, 1875, is a part of the opium bought by defendant in June, 1875.

The defendant's counsel contends that it being admitted that the defendant bought the opium when the statute expressly authorized it to be sold under license, and the property being acquired as a common law right, and not as a statutory privilege, the mere holding of it cannot be made a crime except by violating the provisions of the Constitution in respect to retrospective legislation; that this property cannot be taken from the owner without compensation.

That all are to be "protected" in their rights to property, and a law making it felony to hold such property and declaring it forfeited (under the circumstances of this case) would be as "retrospective" and "retroactive" "as any law could be."

Article 16 of the Constitution reads—"no retrospective laws shall ever be enacted." The Attorney General for the Crown, contends that the Act of 1874 is not "retrospective," as it punishes the possession of opium acquired *after* the publication of the act.

Says Dwarris in his work on statutes, p. 164, "laws are rules of civil conduct, prescribed for, and attaching themselves to the future actions of men. They must from necessity and from their nature, be prospective, otherwise they cannot be rules of civil conduct. Laws cannot attach themselves to conduct antecedent to the creation of the rules themselves. This would be a thing impossible, for, at the time the particular transaction took place, there being no

Rex *v.* Auwai.

rule, a law subsequently passed, was not, and from the nature of the case, could not have been, an existing rule governing such a transaction, it would not then be, in that case, a rule of civil conduct. The conduct of the past must stand acquitted or condemned, be lawful or unlawful when judged by rules which had existence, at the time the transaction took place."

It is clear that a law undertaking to punish an offence committed before the existence of such a law and by such a law only, declared criminal would be retrospective and therefore void.

The reason, however, that retrospective laws are forbidden, is, that they are oppressive and unjust.

To apply these principles to the case at bar: The defendant in June, 1875, bought a drug, opium, for the possession of which (by the terms of a law enacted in August, 1874) he well knew he would be liable to be punished, from and after August 18th, 1875.

He is not sought to be punished for acquiring the property in June, 1875, but for having it in his possession after the 18th of August, 1875, that is, on the 8th of November, 1875.

He cannot say that the law is "retrospective," for he voluntarily acquired the property with ample notice of the law, and continued to keep it in his possession after its possession was unlawful.

The judgment of the Circuit Court is affirmed.

The Attorney General for the Crown.

A. S. Hartwell for defendant.

Honolulu, April 20th, 1876.
87